UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI, an individual,

     Plaintiff,                             USDC Case No. 19-cv-12798

vs                                   State Case No. 2019-79666-GC
                                      18th District Court

SELECTQUOTE INSURANCE
SERVICES, a California corporation

     Defendant.

| MARK W. DOBRONSKI | JAFFE, RAITT, HEUER & WEISS, P.C. |
|---|---|
| Post Office Box 85547 | Jonathan Sriro (P52100) |
| Westland, MI 48185-0547 | Katherine Stefanou (P80830) |
| *Plaintiff in Propria Persona* | *Attorneys for Defendant* |
| Tel: (734) 641-2300 | 27777 Franklin Road, Suite 2500 |
| Fax: (734) 641-2323 | Southfield, MI  48034 |
| markdobronski@yahoo.com | Tel: (248) 351-3000 |
| | Fax: (248) 351-3082 |
| | jsriro@jaffelaw.com |
| | kstefanou@jaffelaw.com |

## <u>DEFENDANT'S NOTICE OF REMOVAL BASED UPON FEDERAL QUESTION</u>

PLEASE TAKE NOTICE that Selectquote Insurance Services ("Defendant"), pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and 1367(a), hereby removes the state court action entitled *Mark W. Dobronski v. Selectquote Insurance Services* Case No. 2019-79666-GC from the District Court for the 18th Judicial District of Michigan to the United States District Court for the Eastern District of Michigan, Southern Division.

## I.    INTRODUCTION

On or about September 3, Plaintiff Mark W. Dobronski ("Plaintiff") filed suit in the District Court for the 18th Judicial District of Michigan against Defendant. (**Ex. 1**: Plaintiff's Complaint ("Complaint")). Plaintiff's Complaint contains four counts alleging violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. §227 and the Michigan Telephone Companies as Common Carriers Act ("MTCCA"), M.C.L. §484.101: 1) violation of the TCPA – robocall; 2) violation of the TCPA – do not call; 3) violation of the TCPA – spoofed caller ID; and 4) violation of the MTCCA.  (*Id.*, ¶¶ 53-63).

Plaintiff's claims purportedly arise out of phone calls Defendant allegedly placed to Plaintiff on December 1, 2018, December 5, 2018 and June 6, 2019. Plaintiff claims that Defendant made each of these three phone calls and that each phone call was in violation of the TCPA and MTCCA.  (*Id.*). Plaintiff claims that the total amount owed by Defendant to Plaintiff is $16,500.00.

## II.    FEDERAL QUESTION JURISDICTION

Section 1441(a) authorizes removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  Section § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Jurisdiction under Section 1331 is

referred to as "federal question jurisdiction." *See Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 581 (6th Cir. 2011) ("28 U.S.C.A. §1331…confers federal question jurisdiction"). In the vast majority of cases, a claim "arises under" federal law and federal question jurisdiction is conferred when federal law provides a right to relief. *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 345-46 (6th Cir. 2008) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006; *Am. Well Works Co. v. Layne & Bowler Co*. 241 U.S. 257, 260, 36 S.Ct. 585 (1916)).

Here, Plaintiff's Complaint, and the right to relief alleged therein, require an interpretation of the TCPA, a federal law. Therefore, this Court has original subject matter jurisdiction under 28 U.S.C. § 1331, and removal of this action is authorized under 28 U.S.C. § 1441(a).

### III.   DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

#### A.   Timeliness of Removal

On September 3, 2019, Plaintiff filed its Complaint. Defendant was served through its registered agent, CSC, on September 6, 2019. Thus, Defendant's Notice of Removal is timely filed within thirty (30) days from the date of service of Plaintiff's Complaint on Defendant and within one (1) year from the date this action. *See* 28 U.S.C. § 1446(b).

**B.     Venue is Proper**

Venue of this removed action is proper pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Eastern District of Michigan is the district court embracing the 18th Judicial District (without waiving any rights to transfer venue) in which the removed action was pending. *See* E.D. Mich. L.R. 83.10(a).

**C.     Notice**

Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file written notice of this removal and a copy of the Notice of Removal with the clerk of the state court in which this action is currently pending and will serve a copy of this notice on Plaintiff. Defendant will also file a copy of all additional papers in the state court record, if any, with this Court. By filing this Notice of Removal, Defendant does not waive, and hereby reserves, its right to assert any and all objections and defenses to Plaintiff's Complaint, including, but not limited to, lack of personal jurisdiction, failure to state a claim upon which relief can be granted, improper venue, and forum non conveniens.

**IV.    CONCLUSION**

The Court has original subject matter jurisdiction over this action based on diversity jurisdiction, 28 U.S.C. § 1331, and Defendant respectfully removes this

action from the District Court for the 18th Judicial District of Michigan to this Court

under 28 U.S.C. § 1441

Respectfully submitted,

JAFFE, RAITT, HEUER & WEISS, P.C.

Dated:  September 25, 2019         By:     /s/ Jonathan Sriro
JAFFE, RAITT, HEUER & WEISS, P.C.
Jonathan Sriro (P52100)
Katherine Stefanou (P80830)
*Attorneys for Defendant*
27777 Franklin Road, Suite 2500
Southfield, MI  48034
Tel: (248) 351-3000
Fax: (248) 351-3082
jsriro@jaffelaw.com
kstefanou@jaffelaw.com


## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2019, I electronically filed the

foregoing paper with the Clerk of the Court using the ECF system and served a copy

of such filing on counsel of record via U.S. First Class Mail.

/s/ *Tina M. Neddermeyer*
Tina M. Neddermeyer
Email:  tneddermeyer@jaffelaw.com

# Exhibit 1

*Mark W. Dobronski v Selectquote Insurance Services*

**Defendant's Notice of Removal Based Upon Federal Question**



**null / ALL**
**Transmittal Number: 20363523**
**Date Processed: 09/10/2019**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Deanne Gash<br>SelectQuote Insurance Services<br>6800 W 115th St<br>Overland Park, KS 66211-2420 |

| | |
|---|---|
| **Entity:** | SelectQuote Insurance Services<br>Entity ID Number 3139010 |
| **Entity Served:** | Selectquote Insurance Services |
| **Title of Action:** | Mark W. Dobronski vs. Selectquote Insurance Services |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | 18th District Court, MI |
| **Case/Reference No:** | 19-79666-GC |
| **Jurisdiction Served:** | Michigan |
| **Date Served on CSC:** | 09/06/2019 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Mark W. Dobronski<br>734-641-2300 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

Approved, SCAO

| | | |
|---|---|---|
| Original - Court | | |
| 1st copy - Defendant | | |
| 3rd copy - Return | | |

| STATE OF MICHIGAN<br>18th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS | CASE NO.<br>19-79666 GC |
|---|---|---|

| Court address<br>36675 FORD RD    WESTLAND, MI  48185-22109 | Court telephone no.<br>734-595-8720 |
|---|---|

| Plaintiff's name(s), address(es), and telephone no(s).<br><br>MARK W. DOBRONSKI<br>PO BOX 85547<br>WESTLAND, MI  48185-0547    TEL: 734-641-2300 | v | Defendant's name(s), address(es), and telephone no(s).<br><br>SELECTQUOTE INSURANCE SERVICES<br>601 ABBOT RD<br>EAST LANSING, MI  48823-3366    TEL: 888-250-3820 |
|---|---|---|

| Plaintiff's attorney, bar no., address, and telephone no.<br><br>PRO SE |
|---|

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☑ is no longer pending.

Summons section completed by court clerk.        **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>9/3/19 | Expiration date<br>12/3/19 | Court clerk<br>MCM |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (6/19)  **SUMMONS**                                    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

STATE OF MICHIGAN
IN THE DISTRICT COURT FOR THE 18th JUDICIAL DISTRICT

**MARK W. DOBRONSKI**, an
individual,

        Plaintiff,

v.

**SELECTQUOTE INSURANCE
SERVICES**, a California corporation.

        Defendant.

Case No. *19-79666* -GC

---

Mark W. Dobronski
Post Office Box 85547
Westland, Michigan 48185-0547
Tel: (734) 641-2300
Fax: (734) 641-2323
Email: MarkDobronski@yahoo.com
Plaintiff *In Propria Persona*

---

## COMPLAINT

    Plaintiff, Mark W. Dobronski, appearing *in propria persona,* and for his Complaint says:

Parties, Jurisdiction, and Venue

    1. This matter arises under the Telephone Consumer Protection Act of 1991 (hereinafter "TCPA"), 47 U.S.C. § 227, *et seq.* and the Michigan Telephone Companies as Common Carriers Act, M.C.L. § 484.101, *et seq.*

    2. Plaintiff is an individual, of the age of majority, a citizen of the United States of America, is a resident of Lima Township, Washtenaw County, Michigan, and has a place of business in the City of Westland, Wayne County, Michigan.

    3. Upon information and belief, the Defendant SELECTQUOTE INSURANCE SERVICES

("Select") is a corporation organized and existing under the laws of the State of California, and is qualified to do business in the State of Michigan, and has a registered office located in East Lansing, Ingham County, Michigan.

4. This Court has jurisdiction over the subject matter of this complaint and venue is proper in this Court, pursuant to 47 U.S.C. § 227(c)(5) and M.C.L. § 600.1629(1)(b)(i), as the tortious and illegal conduct complained of herein occurred in Washtenaw County, Michigan.

General Allegations

5. In response to widespread public outrage over telemarketers, the United States Congress acted to prevent entities, like Defendants, from invading American citizen's privacy and to prevent abusive "robo-calls."

6. According to the Federal Communications Commission ("FCC"), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls."

7. Congress explicitly found that robo-calling is an invasion of privacy: "Evidence compiled by Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator, to be a nuisance and an invasion of privacy." Section 2 of Pub L. 102-24.

8. In regard to such telephone solicitations, Senator Hollings of South Carolina, the primary sponsor of the bill, explained, "computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall... these computerized telephone calls threaten our personal safety... These machines are out of control, and their use is

growing by 30 percent every year. It is telephone terrorism, and it has got to stop...." See *In the*

*Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17

FCC Rcd. 17459 at note 90 (2002), quoting 137 Cong. Rec. 30,821-30,822 (Nov. 7, 1991).

9. The TCPA promulgates, at 47 U.S.C. § 227(b)(1), as follows:

"(b) Restrictions on use of automated telephone equipment

(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— . . .

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States; . . . . "

10. Pursuant to authority delegated to it under the TCPA at 47 U.S.C. § 227(b)(2), the FCC

has adopted regulations to implement and carry out the TCPA.

11. The TCPA regulations, at 47 C.F.R. § 64.1200(a), promulgate in relevant part:

"No person or entity may:

(1) Except as provided in paragraph (a)(2) of this section, initiate any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice; . . .

(iii) To any telephone number assigned to a paging service, *cellular telephone service*, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call. . . .

- 3 -

(2) Initiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(I) through (iii) of this section, other than a call made with the *prior express written consent* of the called party . . . ." [Emphasis added.]

12. The TCPA regulations, at 47 C.F.R. § 64.1601(e), promulgate:

"Any person or entity that engages in telemarketing, as defined in section 64.1200(f)(10) must transmit caller identification information.

(1) For purposes of this paragraph, caller identification information must include either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer. It shall not be a violation of this paragraph to substitute (for the name and phone number used in, or billed for, making the call) the name of the seller on behalf of which the telemarketing call is placed and the seller's customer service telephone number. The telephone number so provided must permit any individual to make a do-not-call request during regular business hours.

(2) Any person or entity that engages in telemarketing is prohibited from blocking the transmission of caller identification information...."

13. The TCPA, at 47 U.S.C. § 227(b)(3), provides for a private right of action, as follows:

"PRIVATE RIGHT OF ACTION. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State –

(A) an action based on a violation of this *subsection or the regulations prescribed under this subsection* to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages *for each such violation*, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated

- 4 -

this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." [Emphasis added.]

14. The MTCCCA, at M.C.L. § 484.125, promulgates in relevant part as follows:

"A caller shall not use a telephone line to contact a subscriber at the subscriber's residence, business, or toll-free telephone number to do either of the following: ...

(2) A caller shall not use a telephone line to contact a subscriber at the subscriber's residence, business, or toll-free telephone number to do either of the following:

(a) Deliver a recorded message for the purpose of presenting commercial advertising to the subscriber, unless either of the following occurs:

(i) The subscriber has knowingly and voluntarily requested, consented, permitted, or authorized the contact from the caller.

(ii) The subscriber has knowingly and voluntarily provided his or her telephone number to the caller. ...

(4) The use of automated dialing, push button, or tone activated devices which operate sequentially or are otherwise unable to avoid contacting subscribers who have not authorized the contact as provided in subsection (2) is prima facie evidence of an intention to violate this act.

(5) A subscriber contacted by a caller in violation of this section may bring an action to recover damages of $1,000.00, together with reasonable attorneys' fees. ...

(9) A caller who violates this section is guilty of a misdemeanor, punishable by a fine of $1,000.00 or imprisonment for 10 days, or both."

15. Pursuant to Congressional mandate set forth at 47 U.S.C. § 227(c)(1), the FCC adopted regulations establishing a national "do not call" database and prohibiting any person from making

or transmitting a telephone solicitation to the telephone number of any subscriber included in such

database, which regulations are set forth at 47 C.F.R. § 64.1200(c), and promulgate in relevant part:

> "No person or entity shall initiate any telephone solicitation to: ...
>
> (2) A residential telephone subscriber who has registered his or her
> telephone number on the national do-not-call registry of persons who
> do not wish to receive telephone solicitations that is maintained by
> the Federal Government. ...

16. The "do not call" proscriptions also are applicable to cellular or wireless telephone

numbers, as set forth at 47 C.F.R. § 64.1200(e), which states:

> "The rules set forth in paragraph (c) and (d) in this section are
> applicable to any person or entity making telephone solicitations or
> telemarketing calls to wireless telephone numbers...."

17. Additionally, the TCPA, at 47 U.S.C. § 227(c)(5), as it relates to telephone numbers

appearing of the do-not-call list, provides for a private right of action, as follows:

> Private right of action. A person who has received more than one
> telephone call within any 12-month period by or on behalf of the
> same entity in violation of the regulations prescribed under this
> subsection may, if otherwise permitted by the laws or rules of court
> of a State bring in an appropriate court of that State—
>
> (A) an action based on a violation of the regulations prescribed under
> this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a
> violation, or to receive up to $500 in damages for each such violation,
> whichever is greater, or
>
> (C) both such actions.
>
> It shall be an affirmative defense in any action brought under this
> paragraph that the defendant has established and implemented, with
> due care, reasonable practices and procedures to effectively prevent
> telephone solicitations in violation of the regulations prescribed under
> this subsection. If the court finds that the defendant willfully or

knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

18. Plaintiff's residential telephone number (ending in 1212) is listed on the National Do Not Call Registry maintained by the U.S. Federal Trade Commission pursuant to 16 C.F.R. Part 310 and has been so listed continuously since at least 2004 and at all times relevant hereto.

19. Plaintiff's cellular telephone number (ending in 9671) is listed on the National Do Not Call Registry maintained by the U.S. Federal Trade Commission pursuant to 16 C.F.R. Part 310 and has been so listed continuously since at least 2004 and at all times relevant hereto.

20. The FCC has held that telephone subscribers who have listed their wireless telephone number on the national do-not-call list are deemed to be "residential subscribers". See *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 at para. 36 (2003).

21. Defendants are engaged in telemarketing activities utilizing automated telephone dialing systems and prerecorded voice messages to contact consumers promoting Defendant "Select Quote Senior" insurance products.

22. At no time relevant hereto has Plaintiff requested, consented, permitted, or authorized the contact from the Defendants.

23. At no time relevant hereto has Plaintiff provided prior express consent or prior express written consent to Defendants to initiate telemarketing calls to Plaintiff.

24. Pursuant to 47 U.S.C. § 217, the act, omission, or failure of any officer, agent, or other person acting for or employed by an common carrier or user, acting within the scope of his employment, shall in every case also be deemed to be the act, omission, or failure of such carrier or

user as well as that of the person.

25. Courts are legally bound to give great deference to the FCC's interpretations of the TCPA and its own regulations.

26. The FCC has clarified that sellers may be held vicariously liable for violations of the TCPA by third-party telemarketers that initiate calls to market the seller's products or services.

27. It is well settled under Michigan law that corporate employees and officials are personally liable for all tortious and criminal acts in which they participate, regardless of whether they are acting on their own behalf or on behalf of a corporation. A corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent for the corporation and not on his own behalf.

28. Plaintiff's home, office, and wireless telephone lines have been besieged with telemarketing calls hawking such things as alarm systems, automobile warranties, health insurance, life insurance, credit cards, and even financial miracles from God. Some of the calls received by Plaintiff are blatant scams, including, *inter alia,* calls purportedly from the Internal Revenue Service advising that arrest warrants have been issued against Plaintiff; calls advising that Plaintiff has won a "free" Caribbean resort vacation; and, calls advising that Plaintiff's credit card interest rate is being lowered to zero percent.

29. For each and every call placed without consent by Defendant to Plaintiff's telephone number, Plaintiff suffered the injury of invasion of privacy and intrusion on Plaintiff's right of seclusion.

30. For each and every call placed without consent by Defendant to Plaintiff's telephone, Plaintiff suffered the injury of the occupation of Plaintiff's telephone line by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls, including emergency calls,

- 8 -

when the telephone line was seized by Defendants' calls.

31. For each and every call placed without consent by Defendant to Plaintiff's telephone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to seal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features on Plaintiff's telephone, which features are designed to inform the user of important missed communications.

32. Each and every call placed without consent by Defendant to Plaintiff's telephone resulted in the injury of a trespass to Plaintiff's chattel, namely Plaintiff's telephone and his telephone services.

33. As a result of the telephone calls described herein, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation.

34. The conduct of Defendants complained of herein caused injury and damage to Plaintiff, including, *inter alia*, the annoyance and interruption of Plaintiff's personal and business activities to respond to Defendants' telephone calls; the tieing up of Plaintiff's telephone lines, thereby blocking legitimate callers from being able to get through and engage in essential communications with Plaintiff; and, the waste of Plaintiff's resources to respond to Defendant's telephone calls.

35. For purposes of the TCPA, the FCC has defined "willfully or knowingly" to mean that the violator knew that he was doing the act in question, in this case, initiating a telephone solicitation, irrespective of any intent to violate the law. A violator need not know that his action or inaction constitutes a violation; ignorance of the law is not a defense or mitigating circumstance.

36. Defendant Select's conduct is clearly knowing, as Defendant has been previously sued

on at least one prior occasion in a United States District Court, and untold number of occasions ins

state court, for violations of the TCPA.

Allegations Specific to this Complaint

CALL #1

37. On December 1, 2018, at 2:42 P.M., Defendant initiated a telephone call to Plaintiff's

residential telephone (number ending in 1212).

38. The caller identification number displayed was 734-876-2283 and the caller

identification name displayed was "Wireless Number".

39. Upon answering the telephone, Plaintiff observed that there was a several second delay

from the time that Plaintiff had repeatedly said "hello" until a "water drop boink" sound was heard

and then a live telemarketer came on the line. This is indicative of an automated telephone dialing

system being used.

40. The live telemarketer identified himself as "Eric with Select Quote Senior" and

proceeded to discuss Defendant's "Medicare assistance" products.

41. Plaintiff told "Eric" that there was no interest in the products and clearly stated to "do

not call" Plaintiff's telephone number again. Eric abruptly hung up on Plaintiff.

CALL #2

42. On December 5, 2018, at 7:38 P.M., Defendant initiated a telephone call to Plaintiff's

residential telephone (number ending in 1212).

43. The caller identification number displayed was 517-215-7003 and the caller

identification name displayed was "Allied Insurance".

44. Upon answering the telephone, Plaintiff observed that there was a several second delay

from the time that Plaintiff had repeatedly said "hello" until a "water drop boink" sound was heard

- 10 -

and then a live telemarketer came on the line. This is indicative of an automated telephone dialing system being used.

45. Upon the live telemarketer coming onto the line, the telemarketer asked to speak to "Mark". The telemarketer then identified herself as Cassandra Cooke with Select Quote Senior and then proceeded to discuss Defendant's insurance products.

46. Cooke stated that she was licensed by the State of Michigan Department of Insurance and Financial Services.

47. Cooke stated that her direct dial telephone number was 877-219-4287.

CALL #3

48. On June 6, 2019, at 6:54 P.M., Defendant initiated a telephone call to Plaintiff's cellular telephone (number ending in 9671).

49. The caller identification number displayed was 734-330-9833 and the caller identification name displayed was "Nathaniel Boyle".

50. Upon answering the telephone, Plaintiff observed that there was a several second delay from the time that Plaintiff had repeatedly said "hello" until a "water drop boink" sound was heard and then a live telemarketer came on the line. This is indicative of an automated telephone dialing system being used.

51. The live telemarketer that came on the line identified herself as Jacqueline Bolton with Select Quote Senior. Plaintiff told Bolton that he was not interested in speaking with her and told her that his telephone number is on the "do not call" registry.

52. Each of the caller identification numbers displayed for the calls as set forth in paragraphs 38, 43, and 49, were not valid call back numbers (i.e., the numbers were "spoofed").

- 11 -

## COUNT I
### VIOLATION OF THE TCPA - ROBOCALL

53. Plaintiff incorporates the allegations of paragraphs 1 through 52, *supra*.

54. Each of the 3 telephone calls alleged in paragraphs 37 through 52, *supra*, were in violation of the TCPA, specifically 47 U.S.C. § 227(b)(1)(a) and 47 C.F.R. § 64.1200(a)(1), as Defendants initiated a telephone call using an automated telephone dialing system to Plaintiff's cellular telephone number.

55. The aforesaid violations of the TCPA were wilful and/or knowing.

## COUNT II
### VIOLATION OF THE TCPA - DO NOT CALL

56. Plaintiff incorporates the allegations of paragraphs 1 through 55, *supra*.

57. Each of the 3 telephone calls alleged in paragraphs 37 through 52, *supra*, were in violation of the TCPA, specifically 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2), as Defendants initiated a telephone call to a telephone number registered on the national do-not-call registry.

58. The aforesaid violations of the TCPA were wilful and/or knowing.

## COUNT III
### VIOLATION OF THE TCPA - SPOOFED CALLER ID

59. Plaintiff incorporates the allegations of paragraphs 1 through 58, *supra*.

60. Each of the 3 telephone calls alleged in paragraphs 37 through 52, *supra*, were in violation of the TCPA, specifically 47 C.F.R. § 64.1601(e), as the caller identification number provided was "spoofed" (i.e., false).

61. The aforesaid violations of the TCPA were wilful and/or knowing.

## COUNT IV
### VIOLATION OF THE MTCCCA

- 12 -

62. Plaintiff incorporates the allegations of paragraphs 1 through 61, *supra*.

63. Each of the 3 telephone calls alleged in paragraphs 37 through 52, *supra*, were in violation of the TCPA, specifically M.C.L. § 484.125(2)(b), as Defendant delivered or attempted to deliver intrastate commercial advertising with the Defendant having activated a feature to block the display of caller identification information that would otherwise be available to the subscriber.

## PRAYER FOR RELIEF

WHEREFORE, the aforesaid premises considered, Plaintiff prays that this Court enter a judgment for Plaintiff and against the Defendant, as follows:

A.     1. As to Count I: Damages in the amount of $500.00 for each of the TCPA violations alleged, there being 3 violations alleged, which amount shall be trebled because the violations were wilful or knowing; for total damages of $4,500.00.

2. As to Count II: Damages in the amount of $500.00 for each of the TCPA violations alleged, there being 3 violations alleged, which amount shall be trebled because the violations were wilful or knowing; for total damages of $4,500.00.

3. As to Count III: Damages in the amount of $500.00 for each of the TCPA violations alleged, there being 3 violations alleged, which amount shall be trebled because the violations were wilful or knowing; for total damages of $4,500.00.

4. As to Count IV: Damages in the amount of $1,000.00 for each of the MTCCCA violations alleged, there being 3 violations alleged; for total damages of $3,000.00.

The cumulative total amount of damages claimed in this action is $16,500.00, and in the event of default judgment is the sum certain that will be sought.

B.   An award of Plaintiff's taxable costs and disbursements incurred in the filing and prosecution of this action;

C.   Interest accruing from the date of filing until paid at the statutory rate; and,

D.   Such other and further relief as this Court deems necessary, reasonable, prudent and proper under the circumstances.

Respectfully submitted,

Dated: September 3, 2019

_Mark W. Dobronski_

Mark W. Dobronski

Mark W. Dobronski
Post Office Box 85547
Westland, Michigan 48185-0547
Telephone: (734) 641-2300
Email: markdobronski@yahoo.com
Plaintiff *In Propria Persona*

## VERIFICATION

State of Michigan   )
                    ) ss;
County of Wayne     )

MARK W. DOBRONSKI, being first duly sworn, says:

1.  I am the Plaintiff in the foregoing matter, of the age of majority, and I have direct and personal knowledge of the facts in dispute.

2.  I have read the Complaint in the foregoing matter, and I know the contents thereof.  The matters stated in the Complaint are true in substance and in fact, except as to those matters stated to be upon information and belief, and as to those matters I believe them to be true.

3.  If sworn as a witness, affiant can testify competently to the facts as set forth in the Complaint.

Further, affiant sayeth naught.

                                    _____
                                    Mark W. Dobronski

Subscribed and sworn to before me
this **3rd** day of September, 2019.

_____

```
KAREN E. MERRITT
Notary Public, State of Michigan
County of Wayne
My Commission Expires Nov. 14, 2019
Acting in the County of _Wayne_
```

- 15 -