UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

               Plaintiff,                    Case No. 2:19-cv-12798
                                             District Judge David M. Lawson
v.                                       Magistrate Judge Anthony P. Patti

SELECTQUOTE INSURANCE
SERVICES,

               Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT (ECF No. 15)

### A.     Background

Plaintiff, proceeding *in pro per*, filed the instant lawsuit in state court against

Defendant, an insurance broker that solicits customers through telemarketing calls,

on September 3, 2019, alleging violations of the Telephone Consumer Protection

Act (TCPA), 47 U.S.C. § 227, *et seq*., and the Michigan Telephone Companies as

Common Carriers Act, Mich. Comp. Laws § 484.125, related to three telephone

calls.  (ECF No. 1, ¶¶ 53-63, PageID.20-21.)  The case was removed to this Court

on September 25, 2019.  (ECF No. 1.)  Judge Lawson referred the case to me for

all pretrial matters.  (ECF No. 4.)  Prior to filing the instant motion, Plaintiff filed a

motion for leave to amend on January 21, 2020 (ECF No. 10), which he ultimately withdrew (ECF No. 13).

## B.   The Instant Motion

Currently before the Court is Plaintiff's February 19, 2020 motion for leave to amend his complaint, filed pursuant to Fed. R. Civ. P. 15(a).  (ECF No. 15.) Plaintiff seeks leave to add or clarify factual allegations regarding the three telephone calls at issue, and additional claims under both the TCPA and the Michigan Home Solicitation Sales Act (MHSSA), M.C.L. § 445.111, *et seq*.  (ECF No. 15, PageID.189, 191-212.)  He attached his proposed first amended complaint as Exhibit A, as well as a red-lined version of the first amended complaint as Exhibit B.  (ECF No. 15, PageID.190-240.)  Defendant opposes the motion, arguing undue delay, prejudice, bad faith, and futility.  (ECF No. 18, PageID.261-274.)

The Court held a hearing on this motion, as well as three others (*see* ECF Nos. 23, 25, 30), on May 7, 2020, and took the instant motion under advisement.

## C.   Standard

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleadings at this stage of the proceedings only after obtaining leave of court.  The Rule provides that the court should freely give leave for a party to amend its pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Nevertheless, leave

2

to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

## D.    Analysis

### 1.    Undue Delay and Prejudice

Defendant challenges the instant motion, in part, on the basis of undue delay and prejudice.  Specifically, it asserts that Plaintiff delayed seeking leave to amend, as "[t]he proposed [first amended complaint] contains allegations of telephone conversations that were included in the original complaint and asserts a [sic] new causes of action for the alleged conduct that had already transpired at the time the original complaint was filed," and that amendment after such a delay would be prejudicial because it would necessitate the need for additional discovery and expense.  (ECF No. 18, PageID.269-271.)

"Delay alone will ordinarily not justify the denial of leave to amend; however, delay will at some point become 'undue,' 'placing an unwarranted burden on the court,' or 'prejudicial,' 'placing an unfair burden on the opposing party.'" *Comm. Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 347 (6th Cir. 2007) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). However, the Court finds no such undue delay or prejudice here.  Plaintiff filed the

3

instant motion on February 19, 2020 (ECF No. 15), an entire month before the

original close of discovery on March 20, 2020 (*see* ECF No. 8).  And, even if such

timing could be considered a delay, it would neither be "undue," as it will not place

an unwarranted burden on this Court, nor incurably prejudicial to Defendant.  The

Court recently extended the discovery cutoff in this case to July 1, 2020, but for the

sole purpose of taking Plaintiff's deposition, and filing any motions in connection

therewith.  (ECF No. 36, PageID.699-700.)  Accordingly, the parties are foreclosed

from conducting any additional discovery, and Defendant will not incur any

additional expense as a result of Plaintiff's amendments.  It is clear to the Court

that the claims to be added will not require additional written discovery and can be

explored in Plaintiff's upcoming deposition.  Moreover, Defendant conceded at

oral argument that it already has what it needs to defend the proposed new claims,

that no additional discovery would be required to defend against them and that at

least the factual allegations Plaintiff proposes to modify are an attempt to conform

the pleadings to the evidence.  *See* Fed. R. Civ. P. 15(b)(2) (permitting amendment

to conform pleadings to the evidence even after trial).

### 2.    Bad Faith and Dilatory Motive

The Court also rejects Defendant's opposition to the instant motion on the

basis of bad faith or dilatory motive.  Defendant first asserts that Plaintiff acted in

bad faith by failing to file the instant motion in accordance with E.D. Mich. Local

Rule 7.1 (ECF No. 18, PageID.271-273), but the parties mutually agreed at the hearing to waive arguments related to this Rule for any motions then before the Court, as the Rule had been violated by both sides and the Court gave parties the choice of enforcing the Rule against both or neither.  They chose the second option.

Defendant further asserts that Plaintiff filed the instant motion in bad faith because the allegations he seeks to add provide further support for Defendant's argument that Plaintiff himself "initiated contact with Selectquote for the purposes of receiving a telephone call to serve as the basis of this lawsuit."  (ECF No. 18, PageID.273.)  Specifically, Defendant maintains that the evidence, shared with Plaintiff, demonstrates that neither it, nor its agents, placed Call Nos. 1 and 3, and that Plaintiff, under the alias "Bill Harris," completed an online form requesting Call No. 2.  (ECF No. 18, PageID.262-268.)  But Plaintiff offered plausible explanations in response to Defendant's assertions, both in his reply brief and at the hearing—that: (1) Defendant's internal investigation into Call Nos. 1 and 3 was not credible (ECF No. 20, PageID.406-407); and, (2) Defendant may have used information Plaintiff provided in Call No. 1, which ended with his request to be put on the "no call" list, in order to complete the form related to Call No. 2.  Given these explanations, in combination with the directive that leave to amend should be "freely given," Fed. R. Civ. P. 15(a)(2), the Court is not convinced that Plaintiff

exercised bad faith or acted with dilatory motive by seeking leave to amend his complaint.

### 3.    Futility

Finally, Defendant argues that Plaintiff's motion should be denied because amendment would be futile.  (ECF No. 18, PageID.261-268.)  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dept. of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)).  "The test for futility . . . does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose*, 203 F.3d at 421.

Although Defendant cites the above standard in its response brief (ECF No. 18, PageID.261), it proceeds to argue generally that amendment would be futile because the evidence demonstrates that neither it, nor its agents, placed Call Nos. 1 and 3, and that Plaintiff consented to Call No. 2 (ECF No. 18, PageID.262-273), which are factual issues more properly suited for a motion for summary judgment, as opposed to a motion to dismiss.  *See* Fed. R. Civ. P. 56(a).  Accordingly, the Court rejects Defendant's general futility argument.

6

Defendant also challenges more specifically Count III, which was included in Plaintiff's original complaint but altered in his proposed amendment complaint, as well as Counts IV and V which Plaintiff added to the proposed amended complaint, on the basis of futility.  The Court will address each in turn.

### a.    Count III

Count III, Plaintiff's claim that Defendant violated 47 C.F.R. § 64.1601(e) for each of the three calls because "the caller identification number provided was 'spoofed' (i.e. false) by the Defendant or Defendant's agent," (ECF No. 15, ¶ 69, PageID.208) was included in the original complaint (ECF No. 1, ¶ 60, PageID.20) but altered slightly in Plaintiff's proposed amended complaint.  The regulation provides, in pertinent part, that "[a]ny person or entity that engages in telemarketing . . . must transmit caller identification information[,]" and that "[a]ny person or entity that engages in telemarketing is prohibited from blocking the transmission of caller identification information."  47 C.F.R. § 64.1601(e)(2).

Defendant argues that the only call it placed was Call No. 2, and that amendment to Count III for that phone call is futile because no private right of action exists for violations of statutory provisions relating to spoofing, citing *Worsham v. Travel Options, Inc.*, No. JKB-14-2749, 2016 WL 4592373 (D. Md. Sept. 2, 2016), and *Meyer v. Capital Alliance Group*, No. 15-CV-2405-WVG, 2017 WL 5138316 (S.D. Cal. Nov. 6, 2017).  (ECF No. 18, PageID. 268.)

Asserting that a private right of action does in fact exist for a violation of 47 C.F.R.

§ 64.1601(e), Plaintiff cites *Braver v. Northstar Alarm Servs, LLC*, No. CIV-17-

0383-F, 2017 WL 11139779 (W.D. Okla. Aug. 25, 2017), and *Engle v. Unified*

*Life Ins. Co., Inc.*, No. 14-CV-1908-MMA(JLB), 2014 WL 12508347 (S.D. Cal.

Oct. 27, 2014) (ECF No. 20, PageID.410.)  Although none of the above cited cases

are binding authority here, the parties conceded at oral argument that the Sixth

Circuit is devoid of binding authority on this issue, and the Court finds the cases

that Defendant cites considerably more persuasive and on point.

In *Worsham*, for example, the U.S. District Court for the District of

Maryland acknowledged that TCPA provision 47 U.S.C. § 227(b), which places

restrictions on the use of automated telephone equipment, and § 227(c), which

protects the privacy rights of telephone subscribers and discusses the compilation

of a do-not-call list, *see* § 227(c)(3), contain private rights of action, and held:

> [A]n asserted violation of 47 C.F.R. § 64.1601(e)(1) is not properly
> brought under either the TCPA's subsection *b* or subsection *c*.  Any
> violation of § 64.1601(e)(1) is a violation of technical and procedural
> standards under subsection *d*, and as earlier noted, no private right of
> action exists under the latter subsection of the TCPA.

*Worsham*, 2016 WL 4592373, at *4, 7.  In so doing, the Court reasoned that caller

ID technology does not fit neatly into the focus of either § 227(b) or (c), "neither of

which requires the use of such technology to accomplish their respective

purposes[,]" and that "[i]t seems just as likely that the FCC may have only

8

intended to ensure consistency between its preexisting Caller ID regulations and its revised TCPA regulations and/or the FTC's regulations pertaining to telemarketing when the FCC promulgated § 64.1601(e)[.]" *Id.* at *4. And in *Meyer*, the U.S. District Court for the Southern District of California cited *Worsham* to find that 47 U.S.C. § 64.1601(e) does not create a private right of action. *Meyer*, 2017 WL 5138316, at *17. Specifically, the court stated:

> Here, as Plaintiffs must concede, section 64.1601(e) does not expressly convey a private right of action. They nonetheless contend that the "genesis" of this section implies a private right of action was created because the section references TCPA subsection (c). However, as *Worsham* concluded, "the FCC's rule in § 64.1601(e) appears to *support* consumers' enforcement efforts under the TCPA's subsection c, rather than to *create* a separate mechanism upon which a consumer can make an actionable claim." [*Worsham*] at *4-5, 2016 U.S. Dist. LEXIS 118774 at *12 (emphasis in original).

> The Court finds *Worsham* persuasive and—in conjunction with the Supreme Court's general guidance—finds section 64.1601(e) does not create a private right of action. The Court declines the invitation to infer a private right of action where section 64.1601(e) is silent on the matter.

*Meyer*, 2017 WL 5138316, at *17.

In contrast, the cases cited by Plaintiff do not directly address the issue of a private right of action for violations of 47 C.F.R. § 64.1601(e). In *Engle*, for example, the U.S. District Court for the Southern District of California entered an order declining to dismiss the plaintiffs' claim under 47 C.F.R. § 64.1601(e), on the basis of the defendants' argument that a plaintiff could not allege violations of

both the TCPA and its implementing regulations for the same misconduct.  *Engle*, 2014 WL 12508347, at *5.  And in *Braver*, the U.S. District Court for the Western District of Oklahoma entered an order refusing to dismiss a claim under 47 C.F.R. § 64.1601(e) because the defendant's argument *did not address* the "sufficiency of this count as a claimed violation of 47 C.F.R. § 64.1601(e)."  *Braver*, 2017 WL 11139779, at *5.  Absent any authoritative basis for a private cause of action for "spoofing" under this federal communications regulation, the Court is disinclined to create one here.  Accordingly, the Court agrees that the proposed amendment "could not withstand a Rule 12(b)(6) motion to dismiss[,]"  *Rose*, 203 F.3d at 421, and finds that any amendment to Count III would, therefore, be futile.

### b.    Count IV

In Count IV of Plaintiff's proposed amended complaint, Plaintiff claims that Defendant violated 47 C.F.R. § 64.1200(d)(1) of the TCPA by failing to maintain a do-not-call policy and make it available to him upon his demand.  (ECF No. 15, PageID.209, ¶ 72.)  In response to this proposed amendment, Defendant argues only that it is futile because: "Selectquote had consent to place Call No. 2, thus no liability exists relating to calling a telephone number on any do-not-call list, and Selectquote did not place Call No. 1 or Call No. 3" which, as stated above, are factual issues properly suited to a motion for summary judgment, as opposed to a motion to dismiss. (ECF No. 18, PageID.267-268.)  Nevertheless, the Court

considers the futility of the proposed addition of Count IV in the context of whether it would survive a motion to dismiss, and finds that the amendment would not be futile based on the Sixth Circuit's holding in *Charvat v. NMP, LLC*, 656 F.3d 440, 443-44, 447-48 (6th Cir. 2011), a case supplied to the Court by Plaintiff at the motion hearing, holding that a private right of action exists for violations of 47 C.F.R. § 64.1200(d).

Under 47 C.F.R. § 64.1200(d)(1), no person or entity shall initiate a call for telemarketing purposes to a residential telephone subscriber unless it has instituted certain procedures, including having a written policy available upon demand, for maintaining a do-not-call list. Although sub-subsection 47 C.F.R. § 64.1200(d)(1) was not specifically at issue in *Charvat*, the Court there reasoned that the private right of action contained in 47 U.S.C. § 227(c)(5) of the TCPA for violations of that subsection also applies to the technical and procedural standards used to implement that subsection at 47 C.F.R. § 64.1200(d). *Charvat*, 656 F.3d at 443-44, 447-50. *See also Stevens-Bratton v. TruGreen, Inc.*, No. 2:15-2472, 2020 WL 556405, at *4 (W.D. Tenn., Feb. 4, 2020) (citing *Charvat* and holding that a violation of 47 C.F.R. § 64.1200(d) supports a private right of action). Accordingly, the Court finds that a private right of action exists for a violation of 47 C.F.R. § 64.1200(d)(1), and Plaintiff's proposed addition of a claim under that regulation would not be futile.

11

### c.    Count V

Finally, Defendant challenges Plaintiff's proposed addition to his complaint of Count V, which alleges that Defendant violated  M.C.L. § 445.111a(5) and § 445.111b(3) of the MHSSA for all three telephone calls because Defendant or its agent made telephone solicitations to a residential telephone subscriber whose name and residential telephone number is on the federal do-not-call list, and interfered with the caller identification function on the telephone so that the telephone number of the caller was not displayed to the residential telephone subscriber.  (ECF No. 15, PageID.209, ¶ 75.)  In its response brief, Defendant again argues that such amendment would be futile because Plaintiff "has no factual support for these new allegations" and because the evidence demonstrates that "Selectquote had consent to place Call No. 2…and did not place Call No. 1 or Call No. 3." (ECF No. 18, PageID.267-268).  However, without making the argument in the context of the instant motion, Defendant inexplicably adds to the futility argument in its reply to the presently pending Rule 11 motion for sanctions, asserting that a casual reading of M.C.L. § 445.111, *et seq.*, makes it clear that the MHSSA does not apply to a sale or solicitation of insurance by an insurance agent licensed by the commissioner of insurance, M.C.L. § 445.111(a)(*iii*), and that by Plaintiff's own admission in his complaint, Cassandra Cooke, the agent on Call

No. 2, was a licensed insurance agent.  (ECF No. 34, PageID.688-689; *see also* Proposed Amendment, ECF No. 15, PageID.232, ¶¶ 53, 54.)

Under M.C.L. § 445.111(a), a "home solicitation sale," is defined as "a sale of goods or services of more than $25.00 in which the seller or a person acting for the seller engages in a personal, telephonic, or written solicitation of the sale, the solicitation is received by the buyer at a residence of the buyer, and the buyer's agreement or offer to purchase is there given to the seller or a person acting for the seller," and does not include "[a] sale or solicitation of insurance by an insurance agent licensed by the commissioner of insurance."  M.C.L. § 445.111(a)(*iii*).  In contrast, M.C.L. § 445.111(m) defines "telephone solicitation" as "any voice communication over a telephone for the purpose of encouraging the recipient of the call to purchase, rent, or invest in goods or services during that telephone call," and contains no exclusion for sale or solicitation by an insurance agent licensed by the commissioner of insurance.

M.C.L. § 445.111a is titled "Home solicitation sales by telephonic message; do-not-call lists," but the subpart cited by Plaintiff under his proposed Count V, M.C.L. § 445.111a(5) (ECF No. 15, PageID.209, ¶ 75), states:

> Notwithstanding any other provision of this section, if an agency of
> the federal government establishes a federal do-not-call list, within
> 120 days after the establishment of the federal do-not-call list, the
> commission shall designate the federal list as the state do-not-call list.
> The federal list shall remain the state do-not-call list as long as the
> federal list is maintained. A telephone solicitor shall not make a

13

> *telephone solicitation* to a residential telephone subscriber whose
> name and residential telephone number is on the then-current version
> of the federal list.

(Emphasis added.)  And M.C.L. § 444.111b(3), which Plaintiff also alleges

Defendant violated in his proposed Count V (ECF No. 15, PageID.209, ¶ 75),

states:

> A telephone solicitor shall not intentionally block or otherwise
> interfere with the caller ID function on the telephone of a residential
> telephone subscriber to whom a *telephone solicitation* is made so that
> the telephone number of the caller is not displayed on the telephone of
> the residential telephone subscriber.

(Emphasis added.)  Thus, while Defendant is correct that a "home solicitation sale"

does not include a solicitation of insurance by an insurance agent licensed by the

commissioner of insurance, M.C.L. § 445.111(a)(*iii*), a "telephone solicitation"

contains no such exclusion, M.C.L. § 445.111(m), and is the basis for each of the

provisions cited in Plaintiff's proposed Count V.  And, notably, M.C.L. § 445.111c

contains a private right of action for violations of M.C.L. §§ 445.111a and b.

M.C.L. § 445.111c(1)(f) and (3).  For these reasons, Plaintiff's addition of Count V

to the Complaint would not be futile.

## E.    Order

Accordingly, Plaintiff's motion for leave to amend (ECF No. 15) is

**GRANTED IN PART** and **DENIED IN PART**, consistent with the above

findings.  The Court allows all proposed amendments to the complaint with the

exception of Count III.  On or before **Wednesday, June 10, 2020**, Plaintiff must

file an amended complaint conforming to this Order.[1]

   **IT IS SO ORDERED.**

Dated: May 26, 2020            s/*Anthony P. Patti*

                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).